| JIMMIE TURNER | * | NO. 2020-CA-0387 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| NEW ORLEANS POLICE DEPARTMENT | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

TFL

**LOVE, J., CONCURS IN PART; DISSENTS IN PART; AND ASSIGNS REASONS**

I concur with the majority's affirmation of Mr. Turner's five five-day suspensions. However, I respectfully dissent from the majority's finding that a demotion was not commensurate with the infractions, such that the Commission's punishment was arbitrary, capricious, or an abuse of discretion warranting our intervention and a reversal.

The majority correctly cites our role of review, as elucidated by the Louisiana Supreme Court:

> [i]n judging the commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission's order unless it is arbitrary, capricious or characterized by abuse of discretion.

*Walters v. Dep't of Police of New Orleans*, 454 So. 2d 106, 114 (La. 1984). "'Arbitrary or capricious' means the absence of a rational basis for the action taken." *Bannister v. Dep't of Streets*, 95-0404, p. 8 (La. 1/16/96), 666 So. 2d 641, 647 (quoting *Shields v. City of Shreveport*, 579 So. 2d 961, 964 (La.1991)).

However, the majority then states that:

> While we believe that the actions described above did take place and that they bore a real and substantial relationship to the efficient operation of the appointing authority, we do not believe that the disciplinary action

1

imposed was commensurate with the infraction. The three incidents for which Mr. Turner was demoted from police lieutenant to police sergeant do not seem that dissimilar from those incidents for which Mr. Turner was given five-day suspensions. Therefore, rather than having demoted Mr. Turner, the police department should have ordered him to serve three additional five-day suspensions. Accordingly, the Civil Service Commission erred in not granting his appeal in part.

Unlike the majority, I do not find that there is an absence of rational basis for Mr. Turner's demotion based on his verbal and physical harassment of subordinates. The behaviors of which Mr. Turner was found guilty provide a rational basis for questioning whether Mr. Turner remained fit for holding the rank of Classified Lieutenant. We "should [not] 'second-guess' an appointing authority's decisions." *Byrd v. Dep't of Police*, 12-1040, p. 10 (La. App. 4 Cir. 2/6/13), 109 So. 3d 973, 980. Therefore, I do not find that the Commission's decision to uphold Mr. Turner's demotion was arbitrary, capricious, or constituted an abuse of discretion. Accordingly, I would affirm the Commission's decision *in toto*.